**In the Matter of the Arbitration between**
**REEFER EXPRESS LINES PTY.,**
**LTD., Petitioner,**

**and**

**GENERAL AUTHORITY FOR SUPPLY**
**COMMODITIES (GASC), Respondent.**

**No. 88 Civ. 7833 (RWS).**

United States District Court,
S.D. New York.

June 19, 1989.

## MEMORANDUM OPINION

SWEET, District Judge.

The General Authority for Supply Commodities ("GASC"), a department in the Ministry of Supply of the government of Egypt, opposes pre-judgment interest on an arbitrator's award rendered against it and in favor of Reefer Express Lines ("Reefer").

Pre-judgment interest on an arbitration award is at the discretion of the district court, but is usually permitted, and should be granted "in the absence of exceptional circumstances." *See Larsen v. A.C. Carpenter, Inc.,* 620 F.Supp. 1084, 1125 (E.D.N.Y.1985), *aff'd,* 800 F.2d 1128 (2d Cir.1986); *Mitsui & Co. v. American Export Lines, Inc.,* 636 F.2d 807, 823 (2d Cir.1981); *Waterside Ocean Navigation Co. v. International Navigation Ltd.,* 737 F.2d 150, 154 (2d Cir.1984). The GASC argues that there are exceptional circumstances here which preclude an award of prejudgment interest, for currency controls delayed it from obtaining the money to pay the award.

Courts that have considered the question of what constitutes "exceptional circumstances" have stated that cases where the party *requesting* interest has delayed the proceedings or has made a bad faith estimate of damages, exceptional circumstances exist which justify exclusion of pre-judgment interest. *See, e.g., Larsen,* 620 F.Supp 1084 (exceptional circumstances exist "where the party requesting the pre-judgment interest has unreasonably delayed prosecuting its claim, has made a bad

faith estimate of its damages which precludes settlement or has not sustained any actual damage") (citing *United States v. Peavey Barge Line*, 748 F.2d 395, 402 (7th Cir.1984)); *Dow Chemical Pacific Ltd. v. Rascator Maritimes S.A.*, 640 F.Supp. 882, 886 (S.D.N.Y.1986) ("it is not the bad faith of the party from whom the interest is sought that is important, but rather, the bad faith of the party seeking the interest.").

Here, there is no charge of bad faith on the part of Reefer Express Lines, and the currency control problems of the Government of Egypt do not constitute exceptional circumstances by which the pre-judgment interest should be denied. Moreover, the purpose of pre-judgment interest is to compensate the party harmed, not to penalize the wrongdoer, *U.S. v. Seaboard Surety Co.*, 817 F.2d 956 (2d Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 161, 98 L.Ed.2d 115 (1987), and part of the reasoning behind the presumption in favor of pre-judgment interest is that "[i]n these days in which all of us feel the effects of inflation, it is almost unnecessary to reiterate that only if such interest is awarded will a person wrongfully deprived of his money be made whole for the loss." *Waterside Ocean Navigation Co.*, 737 F.2d at 154.

Given this, it is appropriate to sign Healy & Baillie's judgment, which includes pre-judgment interest on the arbitration award.

It is so ordered.